# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **CRIMINAL ACTION** |
| Plaintiff, | ) | **No. 08-20160-08-KHV** |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| FRANCISCO PEREA, | ) | **No. 10-2366-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On October 1, 2010, the Court ordered defendant to show cause in writing by October 22, 2010 why the Court should not strike his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #307) filed July 2, 2010, for violation of Rule 11 of the Federal Rules of Civil Procedure because he did not personally sign his name on the motion.[1] Defendant has not responded. For reasons stated in the Order To Show Cause (Doc. #314), the Court overrules without prejudice defendant's Section 2255 motion.[2] As explained in the order

---

[1]     Rule 11(a), Fed. R. Civ. P., requires that a written motion be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Here, based on the date of the signature, defendant's place of confinement, the date the motion was filed and the mailing address, the Court questioned whether defendant actually signed the motion. Order To Show Cause (Doc. #314) at 1.

[2]     In United States v. Dozal, D. Kan. No. 09-20005-08-KHV, that defendant attached a letter from Robin S. Martin to his response to the Court's order to show cause. See Movant's Response To Court's September 22, 2010 Order (Doc. #942 in No. 09-20005-08). The letter instructs Dozal to sign and date the document and mail it to the Clerk for filing. See id. An attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. Patton v. West, 276 Fed. Appx. 756, 757 (10th Cir. 2008). In another case, United States v. Garcia-Gallardo, D. Kan. No. 09-20005-03-KHV, the Court gave Robin S. Martin an opportunity to show cause why the Court should not refer that matter for potential investigation by the Chief Trial Counsel for the State Bar of California. See Amended Order To Show Cause (Doc. #931 in No. 09-20005-03). Martin did not file a response.

(continued...)

to show cause, because defendant did not file a direct appeal, his conviction became final on May 10, 2010 (14 days after the Court entered judgment). See Fed. R. App. P. 4(b)(1)(A), 4(b)(6) and 26(a)(2). If defendant wants to re-file his motion, he should note the one-year period of limitations set forth in 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #307) filed July 2, 2010 be and hereby is **OVERRULED without prejudice.**

**The Clerk is directed to mail a copy of this order by certified mail, return receipt requested, to Robin S. Martin, 1443 E. Washington Blvd. #126, Pasadena, CA 91104 and to the State Bar of California, Chief Trial Counsel, 1149 South Hill Street, 10th Floor, Los Angeles, CA 90015-2299.**

Dated this 18th day of November, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[2](...continued)
Based on the letter from Martin in Dozal, the appearance of the multiple Section 2255 motions recently filed in various cases, see United States v. Mata Soto, D. Kan. No. 08-20160-01-KHV, Garcia-Gallardo, supra, Dozal, supra, and United States v. Chavez-Cadenas, D. Kan. No. 09-20005-10-KHV, and the web site reference that the address on the various motions is associated with "Lawyer Robin S. Martin," the Court refers this matter for investigation by the Chief Trial Counsel for the State Bar of California.