IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 08-20160-08-KHV |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| FRANCISCO PEREA, | ) | No. 11-2095-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On October 1, 2010, the Court ordered defendant to show cause why the Court should not strike his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #307) filed July 2, 2010, for violation of Rule 11 of the Federal Rules of Civil Procedure because he did not personally sign the motion.[1] See Order To Show Cause (Doc. #314). Defendant did not respond. For reasons stated in the order to show cause, the Court overruled without prejudice defendant's Section 2255 motion.[2] See Memorandum And Order (Doc.

---

[1] Rule 11(a), Fed. R. Civ. P., requires that a written motion be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Here, based on the date of the signature, defendant's place of confinement, the date the motion was filed and the mailing address, the Court questioned whether defendant actually signed the motion. Order To Show Cause (Doc. #314) at 1.

[2] In United States v. Dozal, D. Kan. No. 09-20005-08-KHV, defendant attached a letter from Robin S. Martin to his response to the Court's order to show cause. See Movant's Response To Court's September 22, 2010 Order (Doc. #942 in No. 09-20005-08). The letter instructs Dozal to sign and date the document and mail it to the Clerk for filing. See id. An attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. Patton v. West, 276 Fed. Appx. 756, 757 (10th Cir. 2008). In another case, United States v. Garcia-Gallardo, D. Kan. No. 09-20005-03-KHV, the Court gave Robin S. Martin an opportunity to show cause why the Court should not refer that matter for potential investigation by the Chief Trial Counsel for the State Bar of California. See Amended Order To Show Cause (Doc. #931 in No. 09-20005-03). Martin did not file a response. Based on
(continued...)

#317) filed November 18, 2010. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #330) filed February 14, 2011.

Defendant's present motion lists his place of confinement as "FCI Pollock; 1443 E Washington Blvd #126 Pasadena CA 91104." Doc. #330 at 1. FCI Pollock is actually located in Pollock, Louisiana. The address of 1443 E. Washington Blvd #126, Pasadena, CA 91104 is associated with Robin S. Martin, who apparently mailed the motion. In addition, someone other than defendant apparently signed defendant's name on the declaration portion of the motion which indicates that it was placed in the "prison mailing system." Doc. #330 at 32. Defendant purportedly signed the motion on February 10, 2011, but the Clerk received defendant's motion and declaration on Monday, February 14, 2011 in an envelope which was postmarked Friday, February 11 in Altadena, California. Because of these irregularities in defendant's motion and to ensure that defendant himself truly is filing the motion, the Court overrules the present motion without prejudice.

Defendant is not prejudiced by this ruling because he can timely re-file a Section 2255 motion. As explained in prior orders, because defendant did not file a direct appeal, his conviction became final on May 10, 2010 (14 days after the Court entered judgment). <u>See</u> Fed. R. App. P. 4(b)(1)(A), 4(b)(6) and 26(a)(2). If defendant wants to re-file his motion, he should note the one-

---

[2](...continued)
the letter from Martin in <u>Dozal</u>, the appearance of the multiple Section 2255 motions filed in various cases, <u>see</u> <u>United States v. Mata Soto</u>, D. Kan. No. 08-20160-01-KHV, <u>Garcia-Gallardo</u>, <u>supra</u>, <u>Dozal</u>, <u>supra</u>, and <u>United States v. Chavez-Cadenas</u>, D. Kan. No. 09-20005-10-KHV, and a web site reference that the address on various motions was associated with "Lawyer Robin S. Martin," the Court referred this matter for investigation by the Chief Trial Counsel for the State Bar of California.

-2-

year period of limitations set forth in 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #330) filed February 14, 2011 be and hereby is **OVERRULED without prejudice.**

**The Clerk is directed to mail a copy of this order by certified mail, return receipt requested, to Francisco Perea #12117-031, FCI Pollock, Federal Correctional Institution, P.O. Box 2099, Pollock, LA 71467 and to Robin S. Martin, 1443 E. Washington Blvd. #126, Pasadena, CA 91104.**

Dated this 24th day of February, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge