# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 08-20160-08-KHV |
| | ) | |
| FRANCISCO PEREA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On October 1, 2010, the Court ordered defendant to show cause why the Court should not strike his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #307) filed July 2, 2010, for violation of Rule 11 of the Federal Rules of Civil Procedure because he did not personally sign the motion. See Order To Show Cause (Doc. #314). Defendant did not respond. For reasons stated in the order to show cause, the Court overruled without prejudice defendant's Section 2255 motion. See Memorandum And Order (Doc. #317) filed November 18, 2010. On February 14, 2011, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #330). On February 24, 2011, the Court overruled the motion without prejudice because of irregularities in defendant's motion which suggested that defendant had not personally filed the motion. See Memorandum And Order (Doc. #340). This matter is before the Court on defendant's Motion For Leave To File An Amended 28 U.S.C. § 2255 Motion (Doc. #347) filed March 18, 2011.

Defendant seeks leave to file an amended Section 2255 motion by May 4, 2011. Because the Court overruled both of defendant's prior motions without prejudice, defendant may re-file his Section 2255 motion without seeking leave to do so. The Court therefore overrules defendant's

present motion as moot.[1]

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Leave To File An Amended</u>

<u>28 U.S.C. § 2255 Motion</u> (Doc. #347) filed March 18, 2011 be and hereby is **OVERRULED.**

Dated this 25th day of March, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

[1]     To the extent that defendant asks the Court to determine the deadline to file a Section 2255 motion in his case, the Court declines to do so. The question of timeliness is not ripe for adjudication until a Section 2255 motion has actually been filed and the statute of limitations has been raised by the respondent or the Court *sua sponte*. <u>United States v. Daniels</u>, 191 Fed. Appx. 622, 622 (10th Cir. 2006); <u>United States v. Verners</u>, 15 Fed. Appx. 657, 660 (10th Cir. 2001); <u>see</u> <u>United States v. Garner</u>, No. 05-20094-CM, 2008 WL 4657281, at *1 (D. Kan. Oct. 20, 2008); <u>United States v. Bedolla</u>, No. 04-40001-SAC, 2008 WL 2949565, at *2 (D. Kan. July 30, 2008). Because defendant has not yet filed a Section 2255 motion, any ruling by the Court on the timeliness issue would constitute an advisory opinion.