## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 08-20160-08-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| FRANCISCO PEREA, | ) | **No. 11-2218-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On December 15, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On April 20, 2010, the Court sentenced defendant to 292 months in prison. This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #349) filed April 14, 2011. For reasons stated below, the Court sets an evidentiary hearing on defendant's claims related to counsel's failure to appeal and otherwise overrules defendant's motion.

### Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Liberally construed, defendant's Section 2255 motion asserts that his attorney, Jacquelyn Rokusek, was ineffective because before he pled guilty, she did not inform him that (1) he would be deported as a result of his conviction, (2) as a deportable alien, he would not be eligible for a reduction in his sentence upon completion of the Residential Drug Abuse Program ("RDAP") and

(3) his sentencing range under the Guidelines would be based on a Criminal History category II. See Motion Under 28 U.S.C. § 2255 (Doc. #349) at 4. Defendant also asserts that Ms. Rokusek incorrectly told him that the typical defendant who cooperates receives a 50 per cent reduction from the advisory guideline range. See Memorandum Of Facts And Law In Support Of Motion To Vacate, Set Aside, Or Correct Sentence (Doc. #350) at 3. Defendant argues that at sentencing, Ms. Rokusek was ineffective because she did not assert that (1) defendant lost the third level for acceptance of responsibility because his first attorney was ineffective, (2) defendant pled guilty under a mistaken belief that his criminal history category was I, and (3) defendant should receive a 50 per cent decrease in his guideline range for substantial assistance. See id. at 6. Defendant asserts that after sentencing, Ms. Rokusek was ineffective because she did not file an appeal as instructed or consult defendant about a possible appeal.[1] See Doc. #349 at 4.

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance

---

[1]    The government seeks to enforce the waiver of collateral attacks in the plea agreement, but the waiver specifically preserves "subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement ¶ 13, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #239). Accordingly, the Court overrules the government's request to enforce the waiver of collateral attacks.

was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

**I.      Failure To Inform Defendant That He Would Be Deported (Claim 1)**

Defendant, who is a citizen of Mexico and an illegal immigrant to the United States, argues that Ms. Rokusek was ineffective because she did not tell him that as a collateral consequence of his conviction, he would be deported. Counsel renders deficient performance if she fails to advise a noncitizen client that a plea of guilty carries a risk of deportation. See Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010). In an affidavit, Ms. Rokusek states that she notified defendant that as a non-citizen, he was subject to deportation as a result of a conviction. See Affidavit of Jacquelyn E. Rokusek ¶ 1, attached to Government's Response (Doc. #373) filed September 15, 2011. In contrast, defendant states that Ms. Rokusek never informed him that deportation was a collateral consequence of his guilty plea. The Court need not resolve whether Ms. Rokusek advised defendant about deportation, however, because defendant cannot establish prejudice.

To show prejudice in the guilty plea context, defendant must show a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). As part of his proof,

defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485 (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).  Defendant asserts that he suffered prejudice because had he known that he would be deported as a result of his conviction, he would not have entered a plea of guilty and would have insisted on going to trial.  See Memorandum (Doc. #350) at 10.  Defendant's mere assertion that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief.  Miller, 262 F.3d at 1072; United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993).  Instead, the Court evaluates the factual circumstances surrounding the plea to predict "whether the outcome of the district court proceedings would have been different if his counsel had not committed the alleged errors." Clingman, 288 F.3d at 1186; see Miller, 262 F.3d at 1072 (court examines factual circumstances surrounding plea to determine whether petitioner would have proceeded to trial).  While defendant need not show that he would have prevailed at trial, his prospects of succeeding inform the Court's view whether he in fact would have gone to trial absent the alleged errors.  United States v. Triplett, 263 Fed. Appx. 688, 690 (10th Cir. 2008); see Clingman, 288 F.3d at 1186.  The strength of the government's case is often the best evidence of whether defendant in fact would have changed his plea and insisted on going to trial.  See Hill, 474 U.S. at 59-60.

Defendant does not state that he would have likely prevailed at trial and the record does not reflect any viable defense against the charges.  As part of the plea, defendant acknowledged that he conspired with others to distribute and possess with intent to distribute more than 50 grams of methamphetamine.  See Plea Agreement ¶ 2.  He acknowledged that officers obtained monitored and recorded phone calls of him discussing drug trafficking business with co-conspirators.  In

addition, he recognized that his girlfriend, co-defendant Tanya Jones, had implicated him in the trafficking of methamphetamine and appeared willing to testify against him.  Finally, he understood that during a search of his residence, officers recovered 20.8 net grams of pure methamphetamine, a pistol in his office and a fraudulent 194A Department of Homeland Security document.  The PSIR ultimately determined that defendant was accountable for 15 kilograms or more of methamphetamine.  See PSIR (Doc. #288) ¶ 59.  In light of this evidence, which is not impacted in any degree by Ms. Rokusek's alleged lack of advice about deportation, defendant states that he would have proceeded to trial if he had known that he would be deported.

Defendant's conclusory claim, though supported by his sworn statement, is insufficient to show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485; see Banos v. United States, No. 10-23314, 2011 WL 835789, at *3 (S.D. Fla. Mar. 4, 2011) (no prejudice from alleged lack of discussion about deportation because defendant never claimed innocence of crimes charged, or offered potentially meritorious defense); Agyepong v. United States, No. 07-cr-178-2, 2011 WL 627361, at *4 (M.D.N.C. Feb. 11, 2011) (given evidence against him and lack of remotely credible innocent explanation, no rational defendant would have proceeded to trial).

Defendant does not expressly state that the fact of deportation was material to his decision to plead guilty and in any event, the record shows otherwise.  During a presentence interview, defendant acknowledged that when he is released, "he plans to return to Mexico City and work as a mechanic."  PSIR (Doc. #288) ¶ 97.  Defendant does not explain how his deportation was material in light of the fact that he planned to return to Mexico and to never return to the United States.  See Limones v. United States, No. 07-cr-356-5-TWT, 2011 WL 1157371, at *5 (N.D. Ga. Mar. 29,

2011) (self-serving statement that defendant would have rejected plea agreement had he been informed that he would be deported to Mexico, where he already planned on returning, completely unbelievable; decision to proceed to trial would have been entirely irrational).

Defendant also cannot establish prejudice because he significantly delayed seeking to vacate his plea until after the Court imposed a sentence of 292 months in prison.  In the context of a motion to withdraw a guilty plea before sentencing, the Court considers whether defendant delayed in filing the motion.[2]  Indeed, delays of three months or more tend to suggest manipulation by a defendant. See Carr, 80 F.3d at 420 (delay of three months); Vidakovich, 911 F.2d at 439 (delay of five months).  The District of Columbia Circuit has noted as follows:

> Even where the plea was properly entered . . ., the standard for judging the movant's reasons for delay remains low where the motion comes only a day or so after the plea was entered. . . .  A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests.  By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have more force.

United States v. Barker, 514 F.2d 208, 222 (D.C. Cir.), cert. denied, 421 U.S. 1013 (1975).

From a review of the record, it is readily apparent that defendant's request to withdraw his guilty plea – 17 months after his plea – is motivated by dissatisfaction with the length of his sentence, not any misunderstanding about the prospect of deportation 292 months later.  Defendant

---

[2]        See United States v. Killingsworth, 117 F.3d 1159, 1162 (10th Cir.), cert denied, 522 U.S. 961 (1997); Gordon, 4 F.3d at 1572.  Delay in filing a motion to withdraw a guilty plea weighs against granting defendant's motion.  See United States v. Carr, 80 F.3d 413, 420 (10th Cir.1996) (three months); United States v. Vidakovich, 911 F.2d 435, 439-40 (10th Cir. 1990) (five months); United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *2 (10th Cir. 1999) (Table) (three months); United States v. Rower, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (eight weeks), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001); see also United States v. Kramer, 168 F.3d 1196, 1202 (10th Cir. 1999) (three-month delay in filing motion to withdraw plea weighed decisively against defendant where he filed motion one day before sentencing).

knew well before his plea and certainly before sentencing that he was subject to deportation.  On July 30, 2009, at a detention hearing and in an apparent effort to avoid deportation, defendant falsely stated that he is a naturalized U.S. citizen.  See PSIR (Doc. #288) ¶ 64; Detention Order (Doc. #143) at 3.  The detention order noted that law enforcement officers found defendant with false I.D.s and that defendant "appears to be an illegal alien . . . subject to deportation."  Detention Order (Doc. #143) at 3.  The order also noted that Immigration and Customs Enforcement ("I.C.E.") had lodged a detainer for defendant.  Id.; see also PSIR (Doc. #288) at 1 (noting I.C.E. detainer against him).  On December 15, 2009, in the plea petition, defendant recognized that "I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization."  Petition To Enter Plea (Doc. #239) ¶ 14.  At the change of plea hearing, the Court also informed defendant that as a result of his conviction, he would be deported and that in the future, he might be excluded from admission to the country and denied naturalization privileges.[3]

---

[3]       In particular, the Court advised defendant as follows:

THE COURT:  Are you an American citizen?

THE INTERPRETER: No.

THE COURT:  Of what country are you a citizen?

THE INTERPRETER: Mexico.

THE COURT:  You understand that a conviction in this case will cause you to be deported?

THE INTERPRETER: Yes.

THE COURT:  And in the future, you may be excluded from admission and denied naturalization privileges?

(continued...)

After being so advised, defendant stated without qualification, that he wanted to plead guilty.  See Martinez-Fierro v. United States, 2011 WL 1528468, at *4 (S.D. Tex. Apr. 20, 2011) (no prejudice because court warned defendant during plea colloquy that after term of imprisonment he would likely be deported or removed).  Finally, some six weeks before sentencing, the PSIR noted that upon completion of a term of imprisonment, defendant would surrender to a duly authorized immigration official for deportation according to procedures provided by the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524.  PSIR (Doc. #288) ¶ 118.  In light of defendant's personal knowledge of his immigration status, he did not suffer any prejudice from counsel's alleged failure to advise him that he would be deported as a collateral consequence of his conviction.

Defendant has not shown that absent counsel's alleged failure to advise him that he would be deported, he would have gone to trial.[4]  The Court therefore overrules his first claim for relief.

---

[3](...continued)
THE INTERPRETER: Yes.

Transcript Of Change Of Plea Hearing (Doc. #373-1) at 12-13.

[4]      Padilla noted that "[p]reserving the client's right to remain in the United States may be more important to the client than any potential jail sentence."  Padilla, 130 S. Ct. at 1483 (quoting INS v. St. Cyr, 533 U.S. 289, 323 (2001)).  Padilla, however, had been a legal permanent resident of the United States for more than 40 years and served in the U.S. Armed Forces during the Vietnam War.  130 S. Ct. at 1477.  Here, defendant is in the country illegally and at the time of his plea, he understood that as an illegal immigrant, he would have to report to I.C.E. after a prison term.  In light of the fact that defendant was already subject to deportation, he has not shown how he could have rationally rejected the plea agreement, proceeded to trial and subjected himself to a maximum term of life in prison.  See United States v. Gutierrez–Martinez, No. 07–91(5)-ADM/FLN, 2010 WL 5266490, at *4 (D. Minn. Dec. 17, 2010) (no prejudice because defendant was illegal alien subject to deportation both before and after guilty plea); United States v. Perez, No. 02-cr-296, 2010 WL 4643033, at *3 (D. Neb. Nov. 9, 2010) (no prejudice where defendant subject to deportation without federal conviction at issue); cf. United States v. Orocio, 645 F.3d 630, 2011 WL 2557232, at *11 (3d Cir. June 29, 2011) (reasonable for alien defendant, *especially legal permanent resident*, to go to trial, instead of pleading guilty to offense that carried "presumptively mandatory" removal); Song v. United States, No. Cr-98-0806-DOC, 2011 WL 2533184, at *4 (C.D. Cal. June 27, 2011) (continued...)

-8-

## II.    Advice About Defendant's Eligibility For Sentence Reduction (Claim 2)

Defendant argues that Ms. Rokusek was ineffective because she informed him that he would be eligible for a reduction in his sentence upon completion of RDAP.[5]  The Court need not evaluate whether Ms. Rokusek was deficient in this regard because defendant cannot establish prejudice. Defendant has not shown a reasonable probability that but for counsel's prediction, the results of the plea proceeding would have been different, i.e. he would not have pled guilty and would have insisted on going to trial.  See Hill, 474 U.S. at 59; Clingman, 288 F.3d at 1186; Miller, 262 F.3d at 1068-69.

As with defendant's first claim, defendant has not shown that in light of the evidence against him, "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485.  In addition, the record shows that eligibility for RDAP was not material to his decision to plead guilty.  At the plea hearing, the Court fully explained that the statutory maximum for his offense was life in prison and that counsel's predictions or assumptions could turn out to be incorrect and that any error by counsel might have a huge effect on his sentence.  See Transcript Of Change Of Plea Hearing (Doc. #373-1) at 19.  The Court also advised defendant that he would not get out early on parole.  See id. at 26-27.  At the change of plea hearing, defendant

_____

[4](...continued)

(reasonable probability that *lawful permanent resident* who provided principal means of financial support to U.S. citizen wife and two U.S. citizen children would have decided against pleading guilty had he been adequately apprised of immigration consequences).

[5]    Under 18 U.S.C. § 3621(e), inmates who complete RDAP and meet certain other qualifications may receive a reduction in sentence of up to one year at BOP discretion.  The BOP categorically denies early release eligibility to inmates who are subject to I.C.E. detainers.  See 28 C.F.R. § 550.55(b)(1)(I).

admitted that no one had made any promise or guarantee about his sentence.[6]  Defendant also

acknowledged that his plea was free and voluntary and that no one had forced or threatened him to

enter it.[7]  See id. at 29.  After being informed about the statutory maximum and the fact that

counsel's assumptions could be wrong, defendant pled guilty.  Absent a believable reason justifying

departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11

proceeding at which his plea is accepted are conclusively established.  United States v. Glass, 66

Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL

580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir.

1978).

For these reasons, defendant was not prejudiced by counsel's alleged prediction that he

---

[6]      In the plea petition, defendant also acknowledged as follows:

I declare that no officer or agent of any branch of government (federal, state, or
local) has promised, suggested, or predicted that I will receive a lighter sentence, or
probation, or any other form of leniency if I plead "GUILTY," except as follows:

My attorney did discuss how the Sentencing Guidelines may apply in my case.

If anyone else, including my attorney, made such a promise, suggestion, or
prediction, except as noted in the previous sentence, I know that he had no authority
to do so.

Petition To Enter Plea (Doc. #239) at 3.

[7]      Defendant argues that his plea was not knowing or voluntary because of counsel's
erroneous prediction of RDAP eligibility for early release.  Like an erroneous sentence estimate by
counsel, however, such a prediction does not render a plea involuntary.  See United States v. Bridges,
68 Fed. Appx. 896, 900 (10th Cir. 2003) (plea voluntary; prediction of no more than 60 months,
sentence of 175 months); Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (plea voluntary;
prediction of 25 years, sentence of 100 years); see also Fields v. Gibson, 277 F.3d 1203, 1213-14
(10th Cir. 2002) (plea voluntary when attorney advised that plea would lessen chance of death
penalty and court nevertheless imposed death penalty); Stout v. United States, 508 F.2d 951, 953 (6th
Cir. 1975) (plea not involuntary merely because prediction that guilty plea would result in light
sentence did not come true).

would be eligible for RDAP.[8]  The Court therefore overrules defendant's second claim for relief.

### III.      Failure To Accurately Predict Defendant's Criminal History (Claim 3)

Defendant argues that Ms. Rokusek was ineffective because she did not tell him that his guideline range would be based on a Criminal History Category II.  As with defendant's first two claims, defendant has not shown that in light of the evidence against him, "a decision to reject the plea bargain would have been rational under the circumstances."  Padilla, 130 S. Ct. at 1485. Moreover, defendant has not shown that counsel's prediction of his criminal history category was a material factor in his decision to plead guilty.  At the change of plea hearing, counsel stated that defendant would ask for an offense level of 40 and a Criminal History Category I with a guideline range of 292 to 365 months in prison.  See Transcript Of Change Of Plea Hearing (Doc. #373-1) at 17.  Defendant acknowledged that no one was in a position to tell him exactly what kind of sentence he was facing under the Guidelines and that his attorney was relying on certain assumptions, predictions and educated guesses.  See id. at 18-19.  After being informed of the fact that his counsel's prediction could be wrong, see id. at 19, defendant pled guilty.  Because defendant has not shown how he was prejudiced by counsel's prediction of his criminal history category, the Court

_____

[8]      In effect, defendant asserts that Ms. Rokusek made an erroneous sentencing prediction, i.e. one year less than that announced at sentencing.  An erroneous sentencing prediction is not prejudicial, however, where the Court has conducted an adequate Rule 11 colloquy.  See United States v. Dillon, No. 03-cr-577-KJD-RJJ, 2010 WL 3885354, at *2 (D. Nev. Sept. 30, 2010) (no prejudice from 12-month mistake about RDAP eligibility in light of 84-month prison sentence); United States v. Kutilek, 260 Fed. Appx. 139, 147 (10th Cir. 2008) (no prejudice from attorney miscalculation in light of judge's statements at plea hearing); United States v. Hamilton, 510 F.3d 1209, 1216 (10th Cir. 2007) (same), cert. denied, 552 U.S. 1331 (2008); United States v. Shedrick, 493 F.3d 292, 299-300 (3d Cir. 2007) (same); Gordon, 4 F.3d at 1571 (same); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (same), cert. denied, 499 U.S. 940 (1991); United States v. Cruce, No. 97-3167-DES, 1997 WL 557382, at *2 (D. Kan. Aug. 14, 1997) (same; prediction of 36-47 months, sentence of 168 months); United States v. Marsh, 733 F. Supp. 90, 93 (D. Kan. 1990) (same; prediction of three years, sentence of nine years).

overrules his third claim for relief.[9]

### IV.     Fifty Per Cent Decrease Based On Substantial Assistance (Claim 4)

Defendant argues that Ms. Rokusek was ineffective during the plea process because she incorrectly told him that the typical defendant who cooperates receives a 50 per cent reduction from the advisory guideline range. Doc. #350 at 3. As with defendant's first three claims, defendant has not shown that in light of the evidence against him, "a decision to reject the plea bargain would have been rational under the circumstances." Padilla, 130 S. Ct. at 1485. In addition, as explained above, an erroneous sentencing prediction is not prejudicial where the Court has conducted an adequate Rule 11 colloquy. See supra note 8. The Court therefore overrules defendant's fourth claim for relief.

### V.     Failure To Get Third Level Decrease For Acceptance Of Responsibility (Claim 5)

Defendant argues that Ms. Rokusek was ineffective at sentencing because she did not tell the Court that defendant's prior counsel caused him to lose the third level reduction for acceptance of responsibility. See Doc. #350 at 6. At the change of plea hearing, Ms. Rokusek adequately explained to the Court that defendant's prior counsel had neglected his case to such a degree that he did not have the opportunity to cooperate until shortly before he pled guilty. See Transcript Of Change Of Plea Hearing (Doc. #373-1) at 24. At sentencing, counsel for both parties addressed defendant's lost opportunity to cooperate at an early stage in the case. Under U.S.S.G. § 3E1.1, a defendant can obtain an additional third level for acceptance of responsibility only "upon motion of the government." United States v. Moreno-Trevino, 432 F.3d 1181, 1186 (10th Cir. 2005). A court can review the government's refusal to ask for the third level for acceptance of responsibility

---

[9]      Again, defendant essentially argues that Ms. Rokusek made an erroneous sentencing prediction, but such an error is not prejudicial where the Court has conducted an adequate Rule 11 colloquy. See supra note 8.

if it finds the refusal was animated by an unconstitutional motive or not rationally related to a legitimate government end.  Id.  Defendant has not shown that counsel had a reasonable basis to make such an argument in this case.  Accordingly, the Court would have overruled any objection to the government's failure to ask for a third level decrease for acceptance of responsibility. Counsel's conduct in this regard was not deficient or prejudicial.  The Court therefore overrules defendant's fifth claim for relief.

**VI.     Failure To Argue That Defendant Entered Plea Under A Mistaken Belief (Claim 6)**

Defendant argues that at sentencing, Ms. Rokusek was ineffective because she did not assert that defendant pled guilty under a mistaken belief that his criminal history category was I.  For reasons stated above, defendant's alleged belief of his criminal history category did not render his plea involuntary or provide grounds for the Court to reduce his sentence.  In particular, defendant was well aware that counsel's predictions or assumptions could turn out to be incorrect and that any error by counsel might have a huge effect on his sentence.  See Transcript Of Change Of Plea Hearing (Doc. #373-1) at 19.  Counsel's failure to raise this issue at sentencing was not deficient or prejudicial.  The Court overrules defendant's sixth claim for relief.

**VII.    Failure To Ask For Fifty Percent Reduction From Guideline Range (Claim 7)**

Defendant argues that at sentencing, Ms. Rokusek was ineffective because she did not seek a 50 per cent decrease in his Guideline range for substantial assistance.  At sentencing, the government sought a four level decrease in defendant's offense level for substantial assistance.[10]

---

[10]     Here, the plea agreement provides as follows:

The defendant acknowledges that substantial assistance has not yet been provided by the defendant within the meaning of U.S.S.G. § 5K1.1 and Title 18, United States Code § 3553(e).  The defendant also acknowledges and understands that the determination as to whether the defendant has provided substantial assistance and

(continued...)

Consistent with Guideline Commentary, the Court gives substantial weight to government counsel's judgment as to the amount of a departure based on the cooperation of a defendant. See U.S.S.G. § 5K1.1, comment. n.3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."); see also United States v. Kort, 440 Fed. Appx. 678, 686 (10th Cir. 2011) (reliance on government recommendation contemplated by Guidelines). The Court has substantial discretion as to the amount of a departure for substantial assistance. See Krejcarek, 453 F.3d at 1300 (once district court exercises its discretion to depart, determination of extent of that departure within sound discretion of sentencing court and not limited in any way by Guidelines, government recommendation or any agreement by parties); U.S.S.G. § 5K1.1(a). Defendant has not shown that counsel's failure to ask for a further departure for substantial assistance was deficient or prejudicial. Accordingly, the Court overrules defendant's seventh claim for relief.

## VIII.   Failure To File An Appeal As Instructed (Claim 8)

Defendant claims that counsel was ineffective because she did not file an appeal after defendant asked her to do so. Where a lawyer disregards specific instructions to file a criminal appeal, counsel is deemed to have acted in a manner that is both professionally unreasonable and presumptively prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). If defendant requests an appeal, counsel

---

[10](...continued)
whether a motion pursuant to U.S.S.G. § 5K1.1 will be filed are left entirely and exclusively within the discretion of the United States. If a determination is made by the United States the defendant has provided substantial assistance, the United States shall request that the Court consider reducing the sentence the defendant would otherwise receive under the applicable statutes and/or sentencing guidelines pursuant to Title 18, U.S.C. § 3553(e), Title 28, U.S.C. § 994(n), and U.S.S.G. § 5K1.1.

Plea Agreement ¶ 7.

must file a timely notice of appeal.[11]  If counsel believes after conscientious examination that an appeal is wholly frivolous, she must file a motion to withdraw and an accompanying brief under Anders v. California, 386 U.S. 738 (1967).  To evaluate defendant's claim that Ms. Rokusek was ineffective because she did not file an appeal, an evidentiary hearing is necessary on the issue whether defendant asked counsel to file an appeal.  The Court therefore will hold an evidentiary hearing on this limited issue on **April 10, 2012 at 2:00 p.m.**  Because defendant previously qualified for appointed counsel under 18 U.S.C. § 3006A, the Court appoints new counsel to represent defendant at the evidentiary hearing.  See Rule 8(c) of the Rules Governing Section 2255 Proceedings.  Counsel for the government is directed to secure Ms. Rokusek's appearance at the hearing.

**IX.    Failure To Consult Defendant About Appeal (Claim 9)**

Defendant complains that counsel did not consult him about a possible appeal.  In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court rejected a bright-line rule that counsel's failure to consult defendant regarding an appeal is per se deficient.  Id. at 480.  Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.  In light of the need for an evidentiary hearing on defendant's related claim that counsel was ineffective because she did not file an appeal, the Court will also hold an evidentiary hearing on defendant's claim that counsel did not consult him about a possible appeal.

---

[11]    In his motion, defendant states that "[a]fter being sentenced and before leaving the courthouse, [he] instructed Attorney Rokusek to file an appeal to make sure he was not going to be deported following the completion of his sentence."  Doc. #350 at 10.

**X.    Conclusion**

Except for the eighth and ninth claims, the files and records in this case conclusively show that defendant is not entitled to relief.  Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, except for the claims related to counsel's failure to file an appeal or consult defendant about a possible appeal, no evidentiary hearing is required on defendant's claims.  See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**IT IS THEREFORE ORDERED that an evidentiary hearing on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #349) filed April 14, 2011 will be held on April 10, 2012 at 2:00 p.m.  The hearing will be limited to defendant's claims that counsel was ineffective because (1) she did not file an appeal after defendant asked her to do so and (2) she did not consult defendant about a possible appeal.  The Court directs the Clerk to appoint counsel to represent defendant at the evidentiary hearing.  Counsel for the government is directed to secure Ms. Rokusek's appearance at the hearing.**

Dated this 8th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-16-