IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 08-20160-08-KHV |
| | ) | |
| FRANCISCO PEREA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant's Motion For Return Of Property</u> (Doc. #407) filed April 25, 2013 and <u>Defendant's Motion For Certain Transcripts</u> (Doc. #412) filed July 19, 2013.

**I.      Defendant's Motion For Return Of Property (Doc. #407)**

Under Rule 41(g) of the Federal Rules of Criminal Procedure, defendant seeks some $3,000.00 in cash which law enforcement officers seized when they arrested him.[1] Defendant does not dispute that the government seized the money under the civil forfeiture statutes. If the government seizes property in an administrative proceeding under the civil forfeiture statutes, Rule 41(g) does not apply. Instead, the provisions of 18 U.S.C. § 983 provide the "exclusive

---

[1] Defendant also seeks the return of a cell phone and a check from Argosy Casino in the amount of $2,000.00. The government concedes that defendant is entitled to the return of multiple cell phones and a "Safekeeping Receipt" from the Isle of Capri casino in the amount of $2,000.00. Defendant does not dispute that the "Safekeeping Receipt" from the Isle of Capri Casino is the item which he described as a check from Argosy Casino. Defendant may obtain the cell phones and "Safekeeping Receipt" from Special Agent Michael Holder by following the procedure outlined by the government in its memorandum. See <u>Government's Response To Defendant's Motion For Return Of Property</u> (Doc. #409) filed May 16, 2013 at 1-2 (defendant may pick up items from agent through attorney or designated family member). The government is directed to send contact information for Special Agent Holder to defendant.

vehicle" to challenge the forfeiture. United States v. Tinajero-Porras, 378 Fed. App'x 850, 851 (10th Cir. 2010) (unpublished opinion); United States v. Deninno, 103 F.3d 82, 84 (10th Cir. 1996). Accordingly, defendant's exclusive remedy is to pursue the administrative procedures provided by the civil forfeiture statutes.

To the extent that defendant argues that the civil forfeiture offended due process rights, he may assert a collateral due process claim. United States v. Roberts, 282 Fed. Appx. 735, 737 (10th Cir. 2008). Here, however, defendant has not shown any factual basis for such a claim. The government states that on August 24, 2009, it sent defendant the required notice of administrative forfeiture by registered mail at Corrections Corporation of America. The Drug Enforcement Administration received the return receipt which indicated that defendant received notice of forfeiture on September 2, 2009. Because defendant received actual notice of the administrative forfeiture, he cannot challenge the forfeiture in this criminal case.

## II. Defendant's Motion For Transcripts (Doc. #412)

Defendant seeks a copy of several court transcripts to prepare a motion to file a successive motion under 28 U.S.C. § 2255 and/or to determine whether he may seek relief under Alleyne v. United States, 133 S. Ct. 2151 (2013). Absent a showing of particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners. Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); see 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks,

141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). Defendant has not shown a particularized need for the transcripts and it does not appear that he has a potentially meritorious claim. The Court therefore overrules defendant's request.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Return Of Property (Doc. #407) filed April 25, 2013 be and hereby is **SUSTAINED in part**. **The Court sustains the motion as to defendant's cell phones and "Safekeeping Receipt" from Isle of Capri Casino. Defendant may obtain these items from Special Agent Michael Holder through an attorney or designated family member. On or before August 31, 2013, the government shall send contact information for Special Agent Holder to defendant.**

**IT IS FURTHER ORDERED** that Defendant's Motion For Certain Transcripts (Doc. #412) filed July 19, 2013 be and hereby is **OVERRULED**.

Dated this 16th day of August, 2013 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge