# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )    **CRIMINAL ACTION** |
| v. | ) |
| | )    **No. 08-20160-08-KHV** |
| FRANCISCO PEREA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

On April 20, 2010, the Court sentenced defendant to 292 months in prison. This matter is before the court on defendant's pro se <u>Motion For Compassionate Release</u> (Doc. #534) filed January 18, 2022. Pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On December 15, 2009, defendant pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846. <u>See</u> <u>Plea Agreement</u> ¶ 1, attached to <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #239). Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii). The Court attributed some l29 kilograms of methamphetamine to defendant for a base offense level of 38 under the United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(1). <u>See</u> <u>Presentence Investigation Report</u> ("PSR") (Doc. #288) filed March 9, 2010, ¶¶ 51–52 (estimated distribution of 47 kilograms in 12 months, estimated purchases of

82.78 kilograms in 24 months).   The Court applied a two-level enhancement because defendant possessed a firearm, a three-level enhancement because of his role in the offense and a two-level enhancement for obstruction of justice.   Id., ¶¶ 61, 63–64.   Even though the Court applied an enhancement for obstruction, it granted defendant a two-level reduction for acceptance of responsibility.   Id., ¶ 66.   Based on a total offense level of 43 and a criminal history category II, defendant's guideline range was life in prison.   Id., ¶ 108; see Statement Of Reasons (Doc. #304) at 1.   On April 20, 2010, the Court sentenced defendant to 292 months in prison.   Defendant did not appeal.

On April 14, 2011, defendant filed a motion to vacate his sentence under Section 2255. Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #349).   Defendant alleged ineffective assistance because (1) before the plea, counsel did not inform him that he would be deported as a result of his conviction, that he would not be eligible for a reduction in his sentence upon completion of the Residential Drug Abuse Program and that his sentencing range under the Guidelines would be based on a Criminal History category II; (2) counsel incorrectly advised him that the typical defendant who cooperates receives a 50 per cent reduction from the advisory guideline range, (3) at sentencing, counsel did not argue that he lost the third level for acceptance of responsibility because his first attorney was ineffective, he pled guilty under a mistaken belief that his criminal history category was I, and he should receive a 50 per cent decrease in his guideline range for substantial assistance; and (4) after sentencing, counsel did not file an appeal as instructed or consult him about a possible appeal.   On September 4, 2012, the Court overruled defendant's Section 2255 motion.   See Memorandum And Order (Doc. #395).

On December 8, 2015, the Court overruled defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines because he had not shown that the amendment lowered his guideline range.   See Memorandum And Order (Doc. #438).   On April 17, 2018, the Court overruled defendant's renewed motion under Amendment 782 for the same reason.   See Memorandum And Order (Doc. #498).

Defendant currently is confined at FCI Bennettsville, a Bureau of Prisons ("BOP") facility in Bennettsville, South Carolina.   Defendant is 53 years old.   With good time credit, defendant's projected release date is May 28, 2030.   Defendant asks the Court to grant compassionate release because (1) the BOP miscalculated his release date, (2) the Court denied his motion to reduce sentence under Amendment 782, (3) the government did not provide him access to drug analysis reports, (4) the indictment did not allege the purity or quantity of methamphetamine, (5) the Court improperly enhanced his sentence based on a 20-year old domestic violence conviction, and (6) his plea was not voluntary.[1]   Motion For Compassionate Release (Doc. #534) at 1–4.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d

---

[1]      Defendant argues that the Court lacked jurisdiction on Counts 5 and 7 because the government did not present evidence to support a conviction on those counts.   Count 5 charged that on November 25, 2008, defendant distributed five grams or more of methamphetamine. Third Superseding Indictment (Doc. #164) filed September 30, 2009, at 3.   Count 7 charged that on July 23, 2009, defendant used and carried a firearm during and in relation to a drug trafficking crime and possessed the firearm in furtherance of a drug trafficking crime.   Id. at 4.   Defendant pled guilty solely to Count 1 which charged him with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.   Accordingly, the Court need not consider defendant's allegations that the government did not have factual support for Counts 5 and 7.

945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).   The government argues that the Court should deny defendant's motion because he did not exhaust administrative remedies.   Government's Response To Defendant's Motion For Compassionate Release (Doc. #536) filed February 1, 2022 at 6–7.

The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   As to the second alternative, a "lapse" refers to the failure of the warden to respond to defendant's request.   See United States v. Maumau, 993 F.3d 821, 830 (10th Cir. 2021) (§ 3582(c)(1)(A) allows defendant to directly file motion for compassionate release with district court after either exhausting administrative remedies or "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief") (emphasis added).   In other words, if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court.

The exhaustion requirement is a mandatory claims-processing rule.   See United States v.

-4-

Hemmelgarn, 15 F.4th 1027, 1030–31 (10th Cir. 2021).   But cf. United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017) (under Section 3582(c)(2), requirement that defendant must show he was sentenced "based on" guideline range the Sentencing Commission lowered is jurisdictional).   Defendant must show that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf."   United States v. Akers, 855 F. App'x 465, 466 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).   In contrast with judicially created exhaustion requirements, the Court lacks discretion to excuse defendant's failure to comply with a mandatory statutory requirement to exhaust administrative remedies.   Malouf v. SEC, 933 F.3d 1248, 1256 (10th Cir. 2019); see Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (exhaustion statutes like Prison Litigation Reform Act of 1995 establish mandatory exhaustion regimes, foreclosing judicial discretion).

Defendant does not provide a copy of a compassionate release request or assert that he submitted such a request to the warden at Bennettsville FCI.   Because defendant has not shown that he exhausted administrative remedies and the government objects for this reason, the Court overrules his motion for compassionate release.   See Hemmelgarn, 15 F.4th at 1030; see also United States v. Purify, No. 20-5075, 2021 WL 5758294, at *3 (10th Cir. Dec. 3, 2021) (if government raises exhaustion requirement, court must enforce it even if equities weigh in defendant's favor).

Even if defendant had exhausted administrative remedies, he has not shown that the Court should grant compassionate release.   The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and

(3) the Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); Maumau, 993 F.3d at 831; United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050. Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.   See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); see also United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).   Accordingly, the Court evaluates only the first and third requirements.

## I.    Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.   See McGee, 992 F.3d at 1044, 1048.   In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."   United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting extraordinary, Webster's Third International Dictionary, Unabridged (2020)).   "Compelling" means "tending to convince . . . by forcefulness of evidence."   Id. (quoting compelling, Webster's Third International Dictionary, Unabridged (2020)).   The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions.   See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling

reasons in Section 1B1.13 application notes).   For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant has raised a number of arguments for release, but he has not shown that any of them, either individually or collectively, constitute extraordinary and compelling reasons for release.

A.   BOP Calculation Of Release Date

Defendant argues that his current sentence does not reflect good time credit.   Motion For Compassionate Release (Doc. #534) at 1.   The BOP—not a district court—is authorized to calculate a prisoner's good-time credit.   See 18 U.S.C. § 3624(b)(1) (delegating to BOP authority to calculate credit up to 54 days for each year of satisfactory behavior).   A challenge to the BOP calculation of good-time credit goes to the execution of a sentence and should be brought, if at all, against defendant's custodian under 28 U.S.C. § 2241.   See United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997).   Before seeking judicial review of credits under 28 U.S.C. § 2241, prisoners must exhaust administrative remedies.   See Buchanan v. U.S. Bureau of Prisons, 133 F. App'x 465, 467 (10th Cir. 2005) (review of credit for time served in state custody).

Even if the Court could consider the BOP calculation of good time credit as part of a compassionate release motion, defendant has not shown that the BOP erred or that its calculation is an extraordinary or compelling reason that warrants release.   The BOP calculates that before

-7-

good time credit, defendant's prison term expires November 21, 2033.   See Government's
Response To Defendant's Motion For Compassionate Release (Doc. #536) at 14.   Based on
earned and projected good-time credit of 1,273 days, BOP calculates defendant's release date as
May 28, 2030.   See id.   Defendant erroneously asks the Court to deduct an additional 1,296 days
of good-time credit.   Defendant does assert any legal basis for his calculation, which would nearly
double the statutory amount of good-time credit.   See 18 U.S.C. § 3624(b)(1) (maximum credit
of 54 days per year).   Accordingly, the BOP calculation of defendant's good-time credit is not an
extraordinary or compelling reason that warrants release.

      B.   Eligibility For Relief Under Guidelines Amendment 782

      As noted above, the Court previously denied defendant's motions to reduce sentence under
18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which lowered
the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1.
Liberally construed, defendant's present motion asserts that the Court's denial of relief under
Section 3582(c)(2) constitutes an extraordinary and compelling reason for release.   Motion For
Compassionate Release (Doc. #534) at 1–2.

      Section 3582(c)(2) permits the Court to reduce a sentence if defendant has been sentenced
to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the
Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief
under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's
"based on" clause, defendant must show he was sentenced based on a guideline range the
Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with"
clause, defendant must show that his request for a sentence reduction is consistent with the

Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a).   United States v. C.D., 848 F.3d 1286, 1289–90 (10th Cir. 2017).

Previously, the Court denied relief under Section 3582(c) because defendant did not show that Amendment 782 lowered his guideline range.   See Order (Doc. #498) filed April 17, 2018 at 1; Order (Doc. #438) filed December 8, 2015 at 1.   In particular, defendant's base offense level remains at 38 under the amended guidelines because the Court attributes well in excess of 45 kilograms of methamphetamine to him.   See PSR (Doc. #288), ¶¶ 51–52 (estimated distribution of 47 kilograms in 12 months, estimated purchases of 82.78 kilograms in 24 months); U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2021 ed.) (base offense level of 38 for at least 45 kilograms of methamphetamine).   Because defendant did not show that Amendment 782 lowered his guideline range, the Court overruled his motions to reduce sentence.   See Order (Doc. #498) at 1; Order (Doc. #438) at 1.   Defendant has not explained how the Court erred in denying relief under Amendment 782 or that such a denial is an extraordinary or compelling reason for his release.

C.   Access To Drug Analysis Reports

Defendant argues that the government did not provide him access to drug analysis reports. Motion For Compassionate Release (Doc. #534) at 2.   Defendant has not disputed the government's representation that it provided his counsel access to any lab reports which document the analysis of the narcotics that law enforcement officers recovered during the investigation. Government's Response To Defendant's Motion For Compassionate Release (Doc. #536) at 14–15.   After counsel fully informed defendant of the evidence against him, he pled guilty. Defendant does not explain how access to various lab reports would have altered his decision to

-9-

plead guilty or otherwise impacted the sentence that the Court imposed.   Defendant has not shown that his purported lack of access to lab reports is an extraordinary and compelling reason for release.[2]

    D.   <u>Sufficiency Of The Indictment</u>

Defendant argues that the indictment did not allege the purity or quantity of methamphetamine.   <u>Motion For Compassionate Release</u> (Doc. #534) at 2.   Count 1 alleged that defendant conspired with others to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 846.   <u>See</u> <u>Third Superseding Indictment</u> (Doc. #164) at 1.   Because defendant pled guilty to an offense under 21 U.S.C. § 841(b)(1)(A), he faced a statutory range of 10 years to life in prison.   <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii).   The Court ultimately attributed some l29 kilograms of methamphetamine to defendant for a base offense level of 38 under the Guidelines and sentenced him to 292 months in prison.   <u>See</u> PSR (Doc. #288), ¶¶ 51–52.   Defendant apparently maintains that at sentencing, the Court could only attribute to him the amount of methamphetamine alleged in the indictment. Under well-established law, however, the Court can find a defendant personally accountable for a quantity of controlled substances that is higher than the threshold amount charged in the indictment.   <u>See</u> <u>United States v. Foy</u>, 700 F. App'x 875, 876–77 (10th Cir. 2017) (well-

---

[2]      Defendant also argues that the Court lacked jurisdiction to sentence him because no lab reports support the purity and quantity of methamphetamine attributed to him.   <u>Motion For Compassionate Release</u> (Doc. #534) at 2.   Defendant's plea of guilty and co-defendants' statements about his involvement in the distribution of methamphetamine adequately support the Court's drug quantity finding.   Indeed, at sentencing and in his motion to vacate sentence, defendant did not object to the factual basis for the Court's finding that he was responsible for some 129 kilograms of methamphetamine.   Defendant cites no authority which requires that a district court base its drug quantity finding only on drug analysis lab reports.

established that in calculating base offense level, court may look beyond indictment and consider quantities not alleged provided drugs part of same course of conduct or common scheme or plan as offense of conviction) (citing United States v. Foy, 641 F.3d 455, 469 (10th Cir. 2011)). Accordingly, defendant has not shown that the Court's drug quantity finding above the amount alleged in the indictment is an extraordinary or compelling reason for release.

      E..   Enhancement Based On Prior Domestic Violence Conviction

      Defendant argues that the Court improperly enhanced his sentence based on a 20-year old domestic violence conviction.   Motion For Compassionate Release (Doc. #534) at 4.   At sentencing, the Court assessed one criminal history point based on defendant's 2004 conviction for misdemeanor battery.   PSR (Doc. #288), ¶ 74.   Based on that single criminal history point, the Court calculated defendant's criminal history category as II.   Even so, his criminal history category did not impact his guideline range of life because he had a total offense level of 43. Defendant has not shown that the Court's assessment of one criminal history point had any impact on his sentence or otherwise constitutes an extraordinary and compelling reason for release.

      F.   Alleged Errors At Change Of Plea Hearing

      Defendant argues that his plea of guilty was involuntary because (1) despite the Court's offer of a sentence of ten years, his attorney coerced the Court to sentence him to more and (2) he did not understand the plea colloquy in English and no interpreter was present.   Motion For Compassionate Release (Doc. #534) at 4.   The record belies defendant's claim.   The Court conducted a thorough inquiry at the plea hearing.   See Transcript Of Hearing On Change Of Plea (Doc. #373-1) filed September 15, 2011.   Contrary to defendant's argument, Marcela Renna, an experienced interpreter who has appeared in this court on numerous cases involving defendants

-11-

from Mexico, was present to interpret at the change of plea hearing.   See Clerk's Courtroom Minute Sheet (Doc. #234) filed December 15, 2009 at 1.   At the plea hearing defendant acknowledged that although he had an interpreter for the hearing, he spoke very good English, could read English and had no problem during prior conversations with counsel in English without an interpreter present.   Transcript Of Hearing On Change Of Plea (Doc. #373-1) at 7–8. Defendant acknowledged that if the Court accepted his guilty plea, it would sentence him to "no less than ten years in prison but possibly up to life."   Id. at 9.   Defendant also acknowledged that his plea was voluntary, that no one had forced or threatened him to enter it, and that the only reason he was pleading guilty was that he was guilty as charged.   Id. at 29, 33.   In sum, the language of the plea agreement and the Rule 11 colloquy establish that an interpreter contemporaneously translated for him at the hearing and that his plea was knowing and voluntary.   Defendant has not shown that any of the circumstances of the plea colloquy constitute an extraordinary or compelling reason for release.

### III.      Section 3553(a) Factors

Even if defendant could establish extraordinary and compelling reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence of time served, or approximately 178 months including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.   In particular, defendant participated in a large scale conspiracy to distribute methamphetamine.   As part of the offense conduct, defendant was responsible for some 129 kilograms of methamphetamine.   PSR (Doc. #288), ¶¶ 51–52.   He also received sentencing enhancements because he possessed a firearm during the course of the offense conduct, he was a manager or

supervisor of criminal activity involving five or more participants and he obstructed justice.   Id., ¶¶ 61, 63–64.   Finally, a reduction of defendant's sentence to approximately 178 months would reflect a significant disparity from his current sentence of 292 months.

The Court recognizes that defendant has completed more than half of his sentence.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.   Accordingly, even if defendant could establish extraordinary and compelling reasons for release, the Court would deny relief.

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Compassionate Release (Doc. #534) filed January 18, 2022 is **OVERRULED**.

Dated this 15th day of March, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge